**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:15-cv-00236-REB-MEH

THE CIVIL RIGHTS AND ENFORCEMENT CENTER, et al.,

      Plaintiffs,

v.

SAGE HOSPITALITY RESOURCES, LLC, et al.

      Defendants.

---

## STIPULATED PROTECTIVE ORDER

---

This matter comes before the Court on the parties' Stipulated Motion for Entry of Protective Order. The Court has reviewed that Motion and finds it meritorious and acceptable. Therefore, IT IS ORDERED:

1. **DEFINITIONS**

(a)    "Confidential Information" means and includes any information, testimony, document or thing that a party believes is confidential and implicates common law or statutory privacy interests, including, but not limited to, medical records or other "protected health information" within the meaning of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and its implementing regulations; or the proprietary, financial, confidential, competitively sensitive and/or trade secret information of Defendant and all third parties to this action, in which a reasonable expectation of privacy or confidentiality exists, Such Confidential

Information may or may not include, information about customers , personnel and operations; tax returns, financial statements, bank records and billing records; hotel management and services agreements and pricing information; non-publicly filed partnership agreements, bylaws, and operating agreements; and ownership interests and financial information of non-party investors.   Confidential Information may include, without limitation, information and documents produced pursuant to F.R.C.P. 26; testimony adduced at depositions upon oral examination pursuant to F.R.C.P. 30; written responses to interrogatories pursuant to F.R.C.P. 33; documents produced pursuant to F.R.C.P. 34; answers to requests for admission pursuant to F.R.C.P. 36; and testimony, documents and things provided pursuant to F.R.C.P. 45.   Confidential Information also may include confidential information owned by a third party, so long as such information otherwise qualifies as Confidential Information hereunder.

(b)     "Providing Party" means any party to this action or any third party, expert or consultant who produces or provides any information, testimony, document or thing pursuant to formal or informal discovery in this action.

(c)     "Receiving Party" means any party to this action or any third party, expert or consultant who receives any information, testimony, document or thing in the course of formal or informal discovery in this action.

2. **DESIGNATION OF CONFIDENTIAL INFORMATION**

(a)     Information, documents, and things.   Each Providing Party shall label, mark or otherwise identify, in writing, information, documents and things

that their counsel considers in good faith to contain Confidential

Information or to be otherwise entitled to protection under F.R.C.P. 26(c),

or other applicable law, with the legend *"Confidential – Subject to*

*Protective Order."*  Before designating any information, documents or

things as Confidential Information, a party's counsel must review the

information and determine that the designation is based on the counsel's

good faith belief that the information is confidential or otherwise entitled to

protection under F.R.C.P. 26(c)(7).

(b)    Depositions.  As provided in this paragraph, during or after depositions

upon oral examination, if counsel for any party believes that a question or

answer of any deponent (whether party, third-party, expert or otherwise)

constitutes Confidential Information, counsel shall request that the specific

pages that include such Confidential Information be included in a separate

sealed portion of the transcript.  Such designation shall be made on the

record during the deposition or a party may designate portions of

depositions as CONFIDENTIAL after transcription, provided written notice

of the designation is promptly given to all counsel of record within thirty

(30) days after notice by the court reporter of the completion of the

transcript.  The reporter shall include on the cover page of each sealed

portion the legend: "This transcript portion contains information subject to

a Protective Order and shall be used only in accordance therewith."

(c)    Inadvertent failure to designate.  Any Providing Party who inadvertently

fails to designate any information, testimony, document or thing as

3

Confidential Information may, promptly upon discovery of its oversight, correct such failure by giving written notice of the same to the Receiving Parties.  Upon such written notification, the corrected materials shall only be deemed Confidential Information prospectively.  Substitute copies of the corrected information, testimony, document or thing, appropriately marked "***Confidential – Subject to Protective Order***," shall be given to all Receiving Parties within ten (10) days of the notification.  Within ten (10) days of receipt of the substitute copies, the Receiving Parties shall return the previously unmarked items to the Providing Party.

3.     **DESIGNATED MATERIALS PRESUMED CONFIDENTIAL**.     All information, testimony, documents and things designated by a Providing Party as Confidential Information shall be treated in all respects as though they in fact constitute or contain confidential information, unless and until the Court rules otherwise or the Providing Party agrees otherwise.

4.     **RESTRICTIONS ON DISCLOSURE AND ACCESS**.

(a)     Except as provided below, all Receiving Parties with respect to any particular Confidential Information shall take reasonable steps to ensure that no persons obtain such Confidential Information and that no persons have access to such Confidential Information, except:

(i)     The parties, including employees of Sage Hospitality Resources, LLC and Sage Oxford, Inc. and class members (if a class is certified) who have a specific need to know the Confidential Information in order to conduct this action;

(ii)    The attorneys of record for the Receiving Party, and all other attorneys and support personnel in the law firms of record in this action who must have access to the Confidential Information in connection with this action;

(iii)   The Court and those employed by the Court, in which event such information shall be filed pursuant to D.C.COLO.LCivR 7.2;

(iv)    Court reporters employed by any party in this action; and

(v)     Independent experts, consultants or translators for the parties, including their support personnel, whose advice and consultation are being used or will be used by such Receiving Party in connection with this action.

(b)    In addition to the above, a Receiving Party may disclose Confidential Information to a non-party if such individual is referred to or referenced in the Confidential Information, or counsel in good faith believes such individual may have knowledge of relevant facts, or of facts that may lead to the discovery of admissible evidence, relating to the Confidential Information, or if such individual will be a witness or potential witness at trial in this matter and disclosure of Confidential Information is necessary for preparation and completeness of that person's testimony.

(c)    Counsel for a party disclosing or allowing access to Confidential Information under this paragraph shall advise the person receiving such Confidential Information (other than the persons identified in Paragraph 4(a)(iii)) of the terms of this Protective Order.  Before disclosing

any Confidential Information to any person identified in Paragraph 4(a)(iv) or (v), or Paragraph 4(b), counsel for the party disclosing or allowing access to such Confidential Information shall, in addition to advising the person receiving such Confidential Information of the terms of this Protective Order, provide the person with a copy of this Protective Order and shall obtain the person's written acknowledgement, in the form attached hereto as **Exhibit A**, to abide by the terms of this Protective Order.

(d)     This Protective Order shall not be deemed to limit or restrict any Providing Party's disclosure or use of its own Confidential Information.

5.     **RESTRICTIONS ON USE**.  The parties have stipulated that every person who obtains Confidential Information is prohibited from using or disclosing Confidential Information for any purpose whatsoever, except as necessary to assist in the litigation and/or trial of Civil Action No. 1:15-cv-00236-REB-MEH.

6.     **RETURN OR DESTRUCTION OF CONFIDENTIAL INFORMATION AT CONCLUSION OF LITIGATION.**  The parties agree and stipulate that upon conclusion of the litigation the receiving attorney will instruct their client(s) to return to the attorney all Confidential Information which may have been received by the client during the litigation.  The receiving attorney may retain a single electronic copy of Confidential Information in order to fulfill his/her duties under Rule 1.16A, Rules of Professional Conduct.  The attorney's retained copy will be maintained in the same secure manner as other client files held by the receiving attorney.  All other copies will either be returned to the Providing Party or destroyed by the receiving attorney.

7.    **OBJECTIONS PRESERVED**.   Nothing in this Protective Order shall require the disclosure of information, testimony, documents or things that are otherwise not subject to discovery, are privileged or constitute attorney work product.   Nothing in this Protective Order shall prejudice any objections that any party might have regarding the production of any information, testimony, documents or things.   Nothing in this Protective Order shall be construed as an agreement that any Confidential Information shall be excluded from evidence in this action or shall be precluded from use at trial.   By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

8.    **MECHANISM FOR CHALLENGING DESIGNATION**.   Any party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information.   The written notice shall identify the information to which the objection is made.   If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential Information to make an appropriate motion pursuant to Magistrate Judge Hegarty's discovery procedures, requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order.   If such a motion is timely made, the disputed information shall be treated as Confidential Information under the terms of this Protective Order until the Court rules on the motion.   If the designating party fails to make such a motion within the prescribed time, the disputed information shall lose its designation as Confidential Information and shall not thereafter be treated as Confidential Information in accordance with this Protective Order.   In connection with a

motion made under this provision, the party designating the information as Confidential Information shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential Information.

9. **PARTIES' CLAIMS AND DEFENSES**.  Neither a party's designation of documents or testimony as confidential under this Protective Order nor a party's failure to make or object to such designation shall be admissible in evidence, as a party admission or otherwise, to prove any fact relevant to any claim or defense asserted in this action.

10. **SURVIVAL**.  The restrictions on use of Confidential Information set forth in this Protective Order shall survive the conclusion of this litigation.

11. **MODIFICATION**.  This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

ORDERED this 19th day of August, 2015, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

**ACKNOWLEDGEMENT**

I hereby acknowledge that I have been advised of the terms of the Protective Order entered in *The Civil Rights and Enforcement Center and Margaret Denny v. Sage Hospitality Resources, LLC, Sage Oxford, Inc., and Walter Isenberg,* Civil Action No. 1:15-cv-00236-REB-MEH, pending in the United States District Court for the District of Colorado, have been provided with a copy of said Protective Order, have read and understand said Protective Order, agree to be bound by and to comply with the terms of said Protective Order, and agree to submit to the jurisdiction of the United States District Court for the District of Colorado for the purpose of enforcement of said Protective Order.

Dated: _____

_____

Printed Name:_____

Relationship to Lawsuit:_____

Address:_____

_____

_____

Telephone:_____