**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 15-cv-00236-REB-MEH

THE CIVIL RIGHTS EDUCATION AND ENFORCEMENT CENTER, on behalf of its
members, and
MARGARET DENNY, on behalf of herself and a proposed class of similarly situated
persons,

      Plaintiffs,

v.

SAGE HOSPITALITY RESOURCES LLC,
SAGE OXFORD, INC.,
WALTER ISENBERG, and
JOHN DOES 1-5,

      Defendants.

---

**ORDER OVERRULING OBJECTIONS AND ADOPTING
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

**Blackburn, J.**

      The matters before me are (1) **Defendant Sage Hospitality Resources' Motion
to Dismiss Plaintiffs' First Amended Complaint and Memorandum of Law** [#43][1]
filed May 1, 2015; (2) **Defendant Walter Isenberg's Motion to Dismiss Plaintiffs'
First Amended Complaint and Memorandum of Law** [#58] filed June 30, 2015; and
(3) the related **Recommendation of United States Magistrate** Judge [#115] filed
February 26, 2016.  Defendants Sage Hospitality Resources LLC and Sage Oxford, Inc.
filed objections [#119] to the recommendation, and the plaintiffs filed a response [#120]

---

[1]  "[#43]" is an example of the convention I use to identify the docket number assigned to a
specific paper by the court's case management and electronic case filing system (CM/ECF). I use this
convention throughout this order.

to the objections.  I overrule the objections and approve and adopt the recommendation. I grant the motion to dismiss of Mr. Isenberg.  I deny the motion to dismiss of Sage Hospitality Resources.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which the defendants object.  I have considered carefully the recommendation, the objections, the response to the objections, and the applicable case law, as well as the arguments raised, evidence cited, and authorities cited by the parties.

This putative class action case concerns transportation services provided by hotels.  The plaintiffs commenced this action on February 4, 2015, alleging, essentially, that defendants Sage Hospitality Resources LLC (SHR), Walter Isenberg, and Sage Oxford, Inc. violated Title III of the Americans with Disabilities Act (Title III) by failing to provide wheelchair-accessible transportation services that are equivalent to the transportation services provided to non-disabled guests at the hotels of the defendants. After some preliminary discovery to determine the proper defendants in this action, the plaintiffs filed their amended complaint [#29], which is now the operative complaint. Both Sage Oxford and Mr. Isenberg joined [#57 & #58] in the motion to dismiss of SHR.

Appropriately, the magistrate judge converted a part of both motions to dismiss to motions for summary judgment.  Because neither SHR nor Mr. Isenberg own, operate, or lease the hotels or the vehicles at issue in the complaint, the issue to which this conversion from motions to dismiss to motions for summary judgment applies is whether, as contended by SHR and Mr. Isenberg, the plaintiffs have standing to assert their ADA claim, and, thus relatedly, whether this court has subject matter jurisdiction over this claim.  In addition, the defendants contend the plaintiffs do not have standing

to seek injunctive relief against the defendants under the ADA.

In his recommendation, the magistrate judge provides a detailed and thorough analysis of the standing issues raised by SHR and Mr. Isenberg, the facts evidenced in the record, and the applicable law.  Ultimately, the magistrate judge concludes that the evidence reflects genuine issues of fact as to whether SHR controls two local hotels at issue in the complaint, the Oxford Hotel in Denver and TownePlace Suites in Broomfield, to the extent that SHR could cause these hotels to bring the vehicles they use for customer transportation into compliance with Title III.  *Recommendation*, p. 23. With evidence that SHR does exercise such control, the plaintiffs have standing to assert their claim against SHR.  On this issue, the magistrate judge recommends that the motion to dismiss [#43] of SHR, which has been converted to a motion for summary judgment on the issue of standing and subject matter jurisdiction, be denied.

However, the magistrate judge concludes that the plaintiffs do not have standing to assert their claim against Mr. Isenberg.   On this issue, the magistrate judge recommends that the motion to dismiss [#58] of Mr. Isenberg, converted to a motion for summary judgment on the issue of standing and subject matter jurisdiction, be granted.

The defendants argue also that the plaintiffs lack standing to seek injunctive relief.  Appropriately, the magistrate judge addresses this issue via the standards applicable under Fed. R. Civ. P. 12(b)(1).  Ultimately, the magistrate judge concludes that the plaintiffs have standing to pursue their claim under Title III concerning The Oxford Hotel and TownePlace Suites. Further, the magistrate judge concluded that whether the plaintiffs may pursue a class action claim for injunctive relief against other hotels requires consideration of a Rule 23 motion to certify a plaintiff class.

Finally, the defendants contend in their motions that the allegations in the

amended complaint are not sufficient to state a claim on which relief can be granted under Title III.  Properly setting aside for now any potential class action, the magistrate judge concludes that the allegations in the amended complaint, taken as true, state a plausible claim for relief under Title III the ADA against SHR and Sage Oxford.

In their objection [#119], SHR and Sage Oxford challenge the conclusion of the magistrate judge that there is sufficient evidence in the record to demonstrate a disputed issue of fact on the question of whether SHR has sufficient control over the Oxford Hotel and TownePlace Suites such that SHR could cause these hotels to bring the vehicles they use for customer transportation into compliance with Title III.  They claim the evidence of control cited by the plaintiffs and the magistrate judge is not sufficient to overcome the evidence cited by SHR showing lack of lack of control.  In addition, SHR and Sage Oxford contend the magistrate judge erred when he did not apply the narrow definition for which they advocate controlling who is a proper defendant in an ADA case concerning transportation services.  Further, SHR and Sage Oxford continue to assert that the plaintiffs have not alleged that they suffered an injury in fact, an allegation required to establish the standing of the plaintiffs.

In their response [#120] to the objections, the plaintiffs present their contrary arguments.  The issues raised in the objection and response are, in essence, the same issues addressed in the briefs of the parties concerning the motions addressed by the magistrate judge.

Although for some of the issues a close call, after de novo review I concur with the comprehensive analysis of the magistrate judge

**THEREFORE, IT IS ORDERED** as follows:

1.   That the **Recommendation of United States Magistrate** Judge [#115] filed February 26, 2016, is approved and adopted as an order of this court;

2.   That under Fed. R. Civ. P. 56, **Defendant Sage Hospitality Resources' Motion to Dismiss Plaintiffs' First Amended Complaint and Memorandum of Law** [#43] filed May 1, 2015, converted to a motion for summary judgment on the issue of standing and subject matter jurisdiction, is denied;

3.   That under Fed. R. Civ. P. 56, **Defendant Walter Isenberg's Motion to Dismiss Plaintiffs' First Amended Complaint and Memorandum of Law** [#58] filed June 30, 2015, converted to a motion for summary judgment on the issue of standing and subject matter jurisdiction, is granted;

4.   That as to defendant Walter Isenberg, the complaint [#29] is dismissed;

5.   That defendant Walter Isenberg shall be dropped as a named defendant in this action, and the caption shall be amended accordingly; and

6.   That under Fed. R. Civ. P. 12(b)(1) and (b)(1), **Defendant Sage Hospitality Resources' Motion to Dismiss Plaintiffs' First Amended Complaint and Memorandum of Law** [#43] filed May 1, 2015, is denied otherwise.

Dated March 28, 2016, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn

Robert E. Blackburn
United States District Judge